CLEVENGER, Circuit Judge,
dissenting in part.
I write separately to voice my disagreement with the court’s determination that the government cannot as an appellee challenge the ruling of the United States Court of Federal Claims that the government entered into a contract with Granite Management Corporation (“Granite”) regarding the “Ohio transaction,” pursuant to which Granite acquired State Savings & Loan Company and Citizens Home Savings Company.
The Supreme Court has recognized two settled principles relevant to the issue. On the one hand, “the appellee may not attack the [district court’s] decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below.” United States v. Am. Ry. Express Co., 265 U.S. 425, 435, 44 S.Ct. 560, 68 L.Ed. 1087 (1924). On the other, “the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it.” Id.; see also Motley Constr. Co. v. Md. Cas. Co., 300 U.S. 185, 191, 57 S.Ct. 325, 81 L.Ed. 593 (1937) (calling the rule “inveterate and certain”); Bailey v. Dart Container Corp., 292 F.3d 1360, 1362 (Fed.Cir.2002) (“[A] party must file a *1385 cross-appeal when acceptance of the argument it wishes to advance would result in a reversal or modification of the judgment rather than an affirmance.”).
On December 16, 2003, the Court of Federal Claims issued a one-page final Judgment ordering that Granite’s complaint be dismissed. (Joint App. at 1.) The Court of Federal Claims had previously ruled on summary judgment that Granite failed to prove damages resulting from the government’s breach of the contracts at issue and thus had nothing to recover. Dismissal is the prize the government wins if correct on its contract formation challenge on appeal. It won the same prize on the damages issues before the Court of Federal Claims. I cannot fathom how the government will enlarge its rights or lessen those of Granite, per American Railway Express, by attacking as an appellee rather than in a cross-appeal the Court of Federal Claims’s judgment that the government breached a contract regarding the Ohio transaction. Neither the court nor Granite on appeal has explained how this can be so.
The court instead relies on EF Operating Corp. v. American Buildings, 993 F.2d 1046 (3d Cir.1993), in support of its determination that for lack of a cross-appeal, the government cannot challenge the Court of Federal Claims’s decision regarding contract formation. In EF Operating, the United States Court of Appeals for the Third Circuit held that where an appellant files an appeal of the district court’s summary judgment on the merits of the underlying claim, the appellee must cross-appeal to challenge the district court’s adverse ruling on appellee’s motion to dismiss for lack of personal jurisdiction. Importantly, the Third Circuit noted that “[a] grant of summary judgment and a dismissal for lack of personal jurisdiction ... are wholly different forms of relief. The latter is a dismissal without prejudice, whereas the former is a ruling on the merits which if affirmed would have preclusive effect.” Id. at 1048-49 (citation omitted). EF Operating can be read narrowly to require a cross-appeal in the Third Circuit where the prejudicial effect of the relief sought is different from that which flows from the relief actually awarded.-
To the extent persuasive, EF Operating is distinguishable from the present case in that the government here does not seek to change the prejudicial effect of the decision being appealed. Rather, the government merely sought to shore up the Court of Federal Claims’s dismissal of Granite’s complaint by offering an alternative ground for affirming the dismissal. See Resonate Inc. v. Alteon Websystems, Inc., 338 F.3d 1360, 1368 (Fed.Cir.2003) (“No cross-appeal is needed in order for a prevailing party to present any legitimate argument in support of the judgment below, even if the argument was rejected or ignored by the trial court.”). In other words, after final adjudication by the Court of Federal Claims, the government stood to gain nothing more, and Granite nothing less, than what each had safely in hand, that being the dismissal by the Court of Federal Claims of Granite’s complaint. I therefore cannot agree with the court that the government had a right of appeal in this case. See Lindheimer v. Ill. Bell Tel. Co., 292 U.S. 151, 176, 54 S.Ct. 658, 78 L.Ed. 1182 (1934) (finding that a party has no right of appeal from a decree in its favor).
Finding no government right of appeal, and indeed finding support to the contrary that such a cross-appeal would be improper, I would reach the merits of the gov *1386 ernment’s argument regarding contract formation and would affirm the Court of Federal Claims’s decision in that regard. See Elan Corp., PEG v. Andrx Pharm. Inc., 366 F.3d 1336, 1340 (Fed.Cir.2004) (stating that a “cross-appeal was improper, and is therefore dismissed, because it merely asserted another ground for affirming the same judgment, a matter that an appellee may assert without a cross-appeal”).
I join the remainder of the court’s opinion.